IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| ANDREA T. ANNESE, | ) | |
| --- | --- | --- |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-17-655-C |
| | ) | |
| U.S. XPRESS, INC., and | ) | |
| GLENN ANDERS, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Now before the Court is Defendant U.S. Xpress, Inc.'s ("U.S. Xpress") Motion for Judgment on the Pleadings on Plaintiff's Direct Negligence Claims. (Dkt. No. 14.) Plaintiff has responded and the Motion is now at issue.

On March 9, 2016, Defendant Anders was driving a tractor-trailer owned by U.S. Xpress in Oklahoma City, Oklahoma. Plaintiff alleges Defendant Anders and Plaintiff were side-by-side in left-turn lanes and Defendant Anders entered into Plaintiff's lane, striking her vehicle and fleeing from the scene of the accident. U.S. Xpress admitted in the Answer that Defendant Anders was acting within the course and scope of his employment while driving the tractor-trailer provided to him by U.S. Xpress. Plaintiff alleges U.S. Xpress is vicariously liable for the negligent actions of Defendant Anders under a respondeat superior or vicarious liability theory. Plaintiff also asserts a negligent entrustment claim, arguing U.S. Xpress knew or should have known Defendant Anders was an incompetent driver.

U.S. Xpress asserts this Motion pursuant to Fed. R. Civ. P. 12(c), which "is treated as a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Mock v. T.G. & Y. Stores Co., 971

F.2d 522, 528 (10th Cir. 1992). Thus, U.S. Xpress's Motion will be evaluated under the familiar 12(b)(6) standard. In ruling on a motion to dismiss for failure to state a claim, "courts should look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 n.2 (10th Cir. 2007) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007), and Erickson v. Pardus, 551 U.S. 89 (2007)). For purposes of this analysis, the Court assumes that all well-pleaded facts contained in the Amended Petition are true, views those facts in a light most favorable to the non-moving party, and resolves all reasonable inferences in the non-moving party's favor. Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).

U.S. Xpress argues Jordan v. Cates, 1997 OK 9, 935 P.2d 289, and its progeny precludes Plaintiff from asserting the negligent entrustment claim while also bringing a respondeat superior claim in which U.S. Xpress admits Defendant Anders was acting within the scope and course of his employment. Claims of negligent hiring, retention, or supervision are often not permitted to proceed when the employer has admitted the employee was acting in the scope of employment in regard to a respondeat superior claim. See Cardenas v. Ori, No. CIV-14-386-R, 2015 WL 2213510 (W.D. Okla. May 11, 2015); Barnes v. W. Express, Inc., CIV-14-574-R, 2015 WL 2131353 (W.D. Okla. May 7, 2015); Dowuona-Hammond v. Integris Health, No. CIV-10-965-C, 2011 WL 134923 (W.D. Okla. January 14, 2011).

However, in Hunter v. New York Marine and General Ins. Co., No. CIV-16-1113-W (W.D. Okla. Jan. 18, 2017), the court was presented with a motion for judgment on the pleadings and conducted a case analysis, concluding the trucking company was not entitled

2

to judgment on the identical question presented here regarding vicarious liability. The Hunter opinion concludes the two theories are "separate and independent theor[ies] of relief that may be actionable despite [the trucking company's] stipulation that [employee] was acting within the course and scope of his employment at the time of the accident." Id. at 9; see also Sheffer v. Carolina Forge Co., L.L.C., 2013, OK 48, 306 P.3d 544; Anaya v. Hutto et al., CIV-16-1030-HE (W.D. Okla. Dec. 5, 2016); Snyder v. Moore et al., CIV-15-865-HE (W.D. Okla. March 16, 2017).

As demonstrated in Plaintiff's brief, Oklahoma state and federal courts have recently narrowed the interpretation of Jordan and when considered with Sheffer, have concluded there is at least the possibility for a plaintiff to make out separate claims for vicarious liability and negligent entrustment when the employer admits the employee was acting within the scope and course of his employment. The Court finds it would not be proper to grant judgment as a matter of law at this time. The Motion is denied.

## CONCLUSION

For the reasons stated above, U.S. Xpress's Motion for Judgment on the Pleadings on Plaintiff's Direct Negligence Claims (Dkt. No. 14) is DENIED.

IT IS SO ORDERED this 28th day of December, 2017.

ROBIN J. CAUTHRON
United States District Judge