IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREA T. ANNESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 17-CV-655-C |
| | ) | |
| U.S. XPRESS, INC. and | ) | |
| GLENN ANDERS, | ) | |
| | ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Order Compelling Discovery (Dkt. No. 30). Defendant U.S. Xpress, Inc. filed a Response to Plaintiff's Motion for Order Compelling Discovery (Dkt. No. 58). The motion is now at issue.

I. Standard

Federal district courts enjoy broad discretion over discovery measures. Rule 26 governs the scope of discovery and its proper scope encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "[T]he requested information must be nonprivileged, relevant, and proportional to the needs of the case to be discoverable." Holick v. Burkhart, No. 16-1188-JTM-KGG, 2017 WL 3723277 at *3 (D. Kan. August 29, 2017).

A. Work Product Doctrine

"In federal courts, work product issues are governed, even in diversity cases, by a uniform federal standard embodied in Rule 26(b)(3)." Sinclair Oil Corp. v. Texaco, Inc., 208 F.R.D. 329, 333 (N.D. Okla. 2002). "Ordinarily, a party may not discover documents

and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent.)" Fed R. Civ. P. 26(b)(3)(A).

B. Attorney-Client Privilege

Attorney-client privilege is governed by Fed. R. Evid. 501. "Rule 501 of the Federal Rules of Evidence provides that state law supplies the rule of decision on privilege in diversity cases." Frontier Refining, Inc. v. Gorman-Rupp Co., Inc., 136 F.3d 695, 699 (). Oklahoma's privilege statute, in part, provides:

> B. A client has a privilege to refuse to disclose and to prevent any other person from disclosing confidential communications made for the purpose of facilitating the rendition of professional legal services to the client:
> 1. Between the client or a representative of the client and the client's attorney or a representative of the attorney;
> 2. Between the attorney and a representative of the attorney;
> 3. By the client or a representative of the client or the client's attorney or a representative of the attorney to an attorney or a representative of an attorney representing another party in a pending action and concerning a matter of common interest therein;
> 4. Between representatives of the client or between the client and a representative of the client; or
> 5. Among attorneys and their representatives representing the same client.

12 Okla. Stat. § 2502.

II. Discussion

A. Privilege Log

Defendant has responded to Plaintiff's request and this Court finds this portion of Plaintiff's Motion is stricken as moot.

B. Interrogatory No. 16

Defendant has responded to Plaintiff's request and this Court finds this portion of Plaintiff's Motion is stricken as moot.

C. Request for Production 13

Defendant has responded to Plaintiff's request and this Court finds this portion of Plaintiff's Motion is stricken as moot.

D. Request for Production 16

Defendant has responded to Plaintiff's request and this Court finds this portion of Plaintiff's Motion is stricken as moot.[1]

E. Interrogatory No. 27

i. Claim Comments

Plaintiff requests Defendant "to produce any and all records related to any internal investigation conducted by U.S. Xpress, Inc." (Pl.'s Mot., Dkt. No. 30, p. 3). Defendant responded to Plaintiff's Interrogatory No. 27 by objecting based on both attorney client privilege and work-product doctrine. (Def.'s Resp., Dkt. No. 58, p. 4). Defendant states that it "has withheld from production, on the basis of work-product and/or attorney-client privilege, *only* twenty-one (21) pages of written "Claim Comments" dated from March 9, 2016 through December 29, 2016 . . . they contain information about the investigation, reserve information and liability assessments. These notes were created by in-house claims examiners, managers and an attorney." (Def.'s Resp., Dkt. No. 58, p. 4).

---

[1] Plaintiff did not file a Reply responding to Defendants assertions that certain discovery requests were now moot. This Court finds that Defendant, in the instances addressed in this Memorandum and Opinion Order, has satisfied Plaintiff's discovery requests.

3

In this instance, defendants "bear the burden of proving the existence of a privilege." Oneok, Inc. v. National Union Fire Ins. Co., No. 06-CV-200 GKF-SAJ, 2007 WL 2891519 at *1 (N.D. Okla. Sept. 28, 2007). "[I]n a diversity case such as this attorney-client privilege issues are controlled by applicable state law while questions of work-product protection are controlled by federal law." Accounting Principals, Inc. v. Manpower, Inc., No. 07-CV-636-TCK-PJC, 2009 WL 2252123 at *2 (N.D. Okla July 28, 2009).

Defendant argues that the "Claim Comments, generally, were prepared in anticipation of litigation and are thus not discoverable." (Def.'s Resp., Dkt. No. 58, p. 6). "In order for the work-product doctrine to apply, "the material must (1) be a document or tangible thing, (2) that was prepared in anticipation of litigation, and (3) was prepared by or for a party, or by or for his representative." Wells Fargo Bank, N.A. v. LaSalle Bank Nat. Ass'n, 2010 WL 2594828 at *5 (quoting Retail Brand Alliance, Inc. v. Factory Mut. Ins. Co., No. 2008 WL 622810 at *3. Here, the dispute is over a tangible document that Defendant began to prepare after the accident on March 9, 2016 for its employee, Glenn Anders. This Court finds that the portion of the Claim Comments prepared in anticipation of litigation are not discoverable.

Defendant also argues that "[t]he Claim Comments contain, among other things, communications between U.S. Xpress claims personnel and driver Anders. The claims personnel have authority to obtain legal services upon behalf of U.S. Xpress." (Def.'s Resp., Dkt. No. 58, p. 7). "[W]ith respect to each document Defendant must show (1) a confidential communication; (2) between privileged persons; (3) made to assist in

4

securing legal advice or assistance for the client." Accounting Principals, Inc., 2009 WL 2252123 at *3. Here, there is a confidential communication made to obtain legal advice and assistance for the client. As a result, these portions of the Claim Comments documents fall under the attorney-client privilege and are not discoverable.

Finally, Defendant notes that these 21 documents are available for the court's *in camera* review. (Def.'s Resp., Dkt. No. 58, p. 4). "The decision whether to review [documents] *in camera* is within the discretion of the trial court." In re Grand Jury Subpoenas, 906 F.2d 1485, 1493 (10th Cir. 1990). This Court finds that it is not necessary to make an *in camera* inspection.

ii. Reserve Information

This Court will turn to the issue of the reserve information present in Interrogatory No. 27. "Internal reserves established by an insurance company are an estimate of potential liability in connection with a claim. They do not represent the insurer's judgment as to what a plaintiff should recover." LeBlanc v. Travelers Home and Marine Ins. Co., No. Civ–19–00503–HE, 2011 WL 2748616 at *4 (W.D. Okla. July 13, 2011). Defendant argues that "any probative value of such evidence is substantially outweighed by its prejudicial aspects." (Def.'s Resp., Dkt. No. 58, p. 8). Plaintiff argues that "[t]he facts are of consequence in determining the action, because Defendants have denied liability for Plaintiffs' injuries and have affirmatively defended on the grounds of contributory negligence." (Pl.'s Mot., Dkt. No. 30, p. 4).

Defendant cites Signature Development Company v. Royal Insurance Company of America, 230 F.3d 1215, 1224 (10th Cir. 2000) for the proposition that reserves were not

evidence of liability because the insurer's reserve "is merely an amount it set aside to cover potential future liabilities." Id.  This Court finds Defendant's argument persuasive and the reserve information is irrelevant to the issues involved in this case.  As a result, this Court concludes that Defendant should not be compelled to produce the portion of the Claim Comments that contain reserve information.

F. Expenses and Attorney's Fees

All parties will be responsible for their own costs.  Plaintiff's motion, even though partially mooted, was substantially justified due to the length of time Plaintiff waited for responses from Defendant before filing her motion.

CONCLUSION

For the reasons stated above, Plaintiff's Motion for Order Compelling Discovery (Dkt. No. 30) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 18th day of July, 2018.

ROBIN J. CAUTHRON
United States District Judge