# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

ANDREA T. ANNESE,       )
               )
    Plaintiff,       )
               )
vs.              )  No. CIV-17-655-C
               )
U.S. XPRESS, INC. and      )
GLENN ANDERS,        )
               )
    Defendants.      )

## **MEMORANDUM OPINION AND ORDER**

This case arises from events that occurred on March 9, 2016. Plaintiff Andrea T. Annese alleges Defendant Glenn Anders negligently drove a tractor-trailer owned by Defendant U.S. Xpress and caused an accident which resulted in damages. Plaintiff alleges that Defendant U.S. Xpress is vicariously liable for the negligent actions of Defendant Anders under a respondeat superior or vicarious liability theory. Defendant U.S. Xpress admitted in its Answer that Defendant Anders was acting within the course and scope of his employment while driving the tractor-trailer. Plaintiff also asserts a negligent entrustment claim against Defendant U.S. Xpress, Inc. Plaintiff filed a Motion for Leave of Court to file an Amended Complaint (Dkt. No. 90) and requests leave of the Court to file an Amended Complaint to assert a claim of negligent hiring, training, retention, and supervision against Defendant U.S. Xpress, Inc.

Plaintiff relies on the recent Oklahoma Supreme Court opinion in Fox v. Mize, 2018 OK 75, 428 P.3d 314 (2018), as the basis to amend her Complaint to include a negligent hiring claim. Defendants argue that Plaintiff did not properly file her Motion in the timeframe provided by this Court's Scheduling Orders. Finally, Defendants argue that Plaintiff's Motion

unfairly affects Defendants' ability to prepare their defense. Fed. R. Civ. P. 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." The Supreme Court has articulated this particular standard with regard to Rule 15:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason–such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.–the leave sought should, as the rules require, be 'freely given.'

Foman v. Davis, 371 U.S. 178, 182 (1962). From the record before the Court, it appears that Plaintiff's claim may be a proper basis for relief that should be tested on the merits. As a result of the facts and circumstances brought forth by Plaintiff, this Court will grant leave to amend when justice so requires. This Court finds that Plaintiff's Motion should be granted and Plaintiff is given leave to amend her Complaint.

## **CONCLUSION**

Accordingly, Plaintiff's Motion for Leave of Court to File an Amended Complaint (Dkt. No. 90) is GRANTED. Plaintiff shall file her Amended Complaint within five days from the date of this Order.

IT IS SO ORDERED this 18th day of December, 2018.

ROBIN J. CAUTHRON
United States District Judge