IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

ANDREA T. ANNESE,            )
                             )
            Plaintiff,       )
                             )
vs.                          )   No. CIV-17-655-C
                             )
U.S. XPRESS, INC. and        )
GLENN ANDERS,                )
                             )
            Defendants.      )

## MEMORANDUM OPINION AND ORDER

Plaintiff seeks reconsideration of the Court's denial of her Motion to Compel (Dkt. No. 30) through a Motion to Reconsider Order on Motion to Compel (Dkt. No. 91). This Court detailed the relevant facts of the tractor-trailer accident when ruling on Plaintiff's prior motion in its Memorandum and Opinion Order (Dkt. No. 108). The motion at issue concerns whether portions of the Claims Comments regarding that tractor-trailer accident were prepared in anticipation of litigation or in the normal course of business.

A "motion to reconsider" is not specifically detailed in the Federal Rules of Civil Procedure; however, it is a litigation tool used widely throughout federal courts. Weingarten v. Auto-Owners Ins. Co., No. 17-cv-01401-MEH, slip op. at 3 (D. Colo. April 17, 2018). "The Federal Rules of Civil Procedure do not recognize a 'motion to reconsider.'" Id. (quoting Van Skiver v. United States, 925 F.2d 1241, 1243 (10th Cir. 1991)). The Court has wide latitude in granting relief under a motion to reconsider but "[a]bsent extraordinary circumstances . . . the basis for the second motion must not have been available at the time the first motion was filed." Servants of Paraclete v. Does, 204

F.3d 1005, 1012 (10th Cir. 2000). Additionally, "a motion for reconsideration . . . [is an] inappropriate vehicle[] to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." Id. The Court will use the following factors in its analysis of a motion to reconsider: "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice." Id. Finally, "[b]ecause the motion to reconsider seeks reconsideration of an interlocutory discovery order, it does not arise under either Rule 59(e) or 60(b)." Bays Exploration, Inc. v. Pensa, Inc., No. CIV-07-0754-D, 2009 WL 10674519, at *1 (W.D. Okla. March 13, 2009).

This Court held, in its Memorandum Opinion and Order (Dkt. No. 59), that Claim Comments, including the information available in the Claims Jacket system, prepared in advance of litigation are generally not discoverable and the work-product doctrine applied in this instance. Fed. R. Civ. P. 26 guides discovery and its proper scope encompasses "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Additionally, this Court relied on the work product doctrine in deciding the Claims Comments issue. "Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent)." Fed. R. Civ. P. 26(b)(3)(A).

Plaintiff argues Defendant has waived its work product and privilege rights by sharing these Claim Comments with individuals outside their legal representation and they

were not prepared in anticipation of litigation.  Plaintiff has learned of this information through the deposition of Defendant's corporate representatives.  Plaintiff argues that Defendant U.S. Xpress' Director of Safety has access to the information regarding the tractor-trailer accident in the ordinary course of business and as a result, that information is discoverable.

Defendant argues that the Claims Comments sought by the Plaintiff were prepared in anticipation of litigation and that the evidence offered by Plaintiff that the privilege has been waived is an inaccurate representation of the issue.  Defendant also argues that "[b]ased upon the operative facts of this case, the haste in which Plaintiff's Counsel was involved, and their threats of imminent litigation, the Claims Comments sought by Plaintiff herein were prepared in anticipation of certain litigation and are not discoverable." (Def's. Resp., Dkt. No. 101, p. 5.)  Finally, Defendant argues that "Plaintiff has not come forward with any authority to demonstrate that U.S. Xpress has somehow waived its claims of privilege because certain individuals within the Safety Department may have access to a driver's statement." (Def's. Resp., Dkt. No. 101, p. 5.)

> There is no automatic attachment or qualification for work-product doctrine.
>
> If the investigation of the accident would normally be undertaken, an investigative report developed in the ordinary course of business will not be protected as work product.  Following any serious accident, it can be expected that designated personnel will conduct investigations, not only out of a concern for future litigation, but also to prevent reoccurrences, to improve safety and efficiency, and to respond to regulatory obligations.  Determining whether anticipated litigation is the driving force behind the preparation of each requested document is the central inquiry in resolving work product questions.

Wikel v. Wal-Mart Stores, Inc., 197 F.R.D. 493, 495-96 (N.D. Okla. 2000). Here, as the Court has previously found, there was not a remote prospect of litigation because the day after the accident Plaintiff's counsel contacted Defendant and informed them of the possibility of litigation. However, the Director of Safety, David Tomshack, has access to this information for non-litigation purposes. Co-department head of the risk management department, Pamela Bracher, also made a statement that, in the normal course of business, the Director of Safety would have access to a portion of the claims file for non-litigation purposes:

> A. He [Tomshack] just reviews this accident description. He has access to see that accident description that's in that top part and that's how he makes his preventability ruling.
> Q. What do you mean he only has access to the accident description?
> A. He gets a list of accidents that happens and generates – next to it, generates just this accident description. It's a different document. It's not this jacket in this format.
> Q. So there's a separate document that's sent to him.
> A. That he generates, yes.
> Q. And is it from that same system?
> A. Yeah.
> Q. So he has access to the system?
> A. A certain universe of people in the safety department does and he is one of them, yes.
> Q. And Mr. Tomshack isn't part of the claims handling process?
> A. No.

(Pl.'s Mot., Dkt. No. 91, Ex. 2, p. 19). In light of this testimony, this Court finds that the portion of the claims file available David Tomshack, Director of Safety, is discoverable to Plaintiff because it is generated in the ordinary course of business and not directly in anticipation of litigation and, as a result, that information is not protected by the work-product doctrine. Plaintiff's Motion to Reconsider Order on Motion to Compel is granted.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Reconsider Order on Motion to Compel (Dkt. No. 91) is GRANTED.

IT IS SO ORDERED this 14th day of January, 2019.

*[signature]*
ROBIN J. CAUTHRON
United States District Judge