IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREA T. ANNESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-17-655-C |
| | ) | |
| U.S. XPRESS, INC. and | ) | |
| GLENN ANDERS, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court is Plaintiff's Motion for Order Compelling Discovery (Dkt.
No. 134). Defendant U.S. Xpress, Inc. filed a Response (Dkt. No. 145) and Plaintiff has
filed a reply (Dkt. No. 150). The motion is now at issue.

I.  Background

Plaintiff Andrea T. Annese alleges that on March 9, 2016, Defendant Glenn Anders
negligently drove a tractor-trailer owned by Defendant U.S. Xpress ("Xpress") and caused an
accident, resulting in damages to her. Plaintiff further alleges that Xpress (1) negligently hired,
trained, supervised, and retained Defendant Anders and (2) negligently entrusted him to drive
its vehicles. The parties have been engaged in discovery, and the dispute here is whether
Xpress must comply with one of Plaintiff's discovery requests: "Please produce the driver
qualification, personnel, accident, disciplinary and safety file of every US Xpress driver that
had two or more preventable motor vehicle determinations from March 1, 2013 until March 9,
2016." (Pl.'s Mot., Dkt. No. 134-1, p. 1.) Xpress objects to the relevance of this request,
and warns that compliance will be unduly burdensome. Plaintiff maintains that this request

is relevant to her negligent hiring claim, and disputes the weight of any burden Xpress might endure.

## II.  Standard

The Federal Rules of Civil Procedure generally permit the discovery of any nonprivileged matter that is relevant—as long as the discovery sought is "proportional to the needs of the case . . . ."  See Fed. R. Civ. P. 26(b)(1).  But Rule 26 does not authorize unlimited discovery.  See Murphy v. Deloitte & Touche Grp. Ins. Plan, 619 F.3d 1151, 1163 (10th Cir. 2010).  Indeed, a court "may, for good cause, issue an order to protect a party or person [from whom discovery is sought] from annoyance, embarrassment, oppression, or undue burden or expense.'"  Fed. R. Civ. P. 26(c)(1).

"'The mere fact that compliance with an inspection order will cause great labor and expense or even considerable hardship and possibility of injury to the business of the party from whom discovery is sought" does not—without more—amount to an undue burden.  Snowden By and Through Victor v. Connaught Labs., Inc., 137 F.R.D. 325, 332-333 (D. Kan. 1991) (quoting C. Wright and A. Miller, 8 Federal Practice and Procedure § 2214, p. 647-48 (1970)).  Rather, "Rule 26(c) speaks of 'undue burden or expense' and discovery should be allowed unless the hardship is unreasonable in the light of the benefits to be secured from the discovery."  Snowden, 137 F.R.D. at 333 (quoting C. Wright and A. Miller, 8 Federal Practice and Procedure § 2214, p. 647-48 (1970)).  In sum, any motion to compel inevitably requires a court to examine the desired discovery's relevancy in light of any burden that may be placed on a non-movant.  See Cohlmia v. Ardent Health Servs., LLC, No. 05-CV-384-GKF-PJC, 2008 WL 4925764 at *1 (N.D. Okla. Nov. 14, 2008) ("It

is well-established that discovery under the Federal Rules is limited only by relevance and burdensomeness.").

## III. Discussion

Plaintiff maintains that she has established the relevancy of her discovery request. In support, she relies on her need to gather evidence to support her negligent hiring, training, and retention claim:

> U.S. Xpress retains drivers that would not qualify under their safety policy regarding hiring guidelines. Plaintiff must receive documentation of "same or similar circumstances" so that she may investigate the claim that there is a systematic problem within U.S. Xpress and its drivers. This information will demonstrate and confirm that Defendant has a pattern and practice of allowing drivers with multiple driving violations and preventable actions to remain on the road which endangered and caused injuries to Plaintiff.

(Pl.'s Mot., Dkt. No. 134, p. 4.)

In short, Plaintiff seeks to establish that there is a "systemic problem" with Xpress's hiring practices—particularly the hiring of its drivers. Xpress, however, disputes the relevance of Plaintiff's request; it points out that Plaintiff's negligent hiring claim targets Xpress's hiring of Defendant Anders, not its hiring practices in general. (Def.'s Resp. Dkt. No. 145, p. 8.) Xpress further objects to the requests as unduly burdensome. Specifically, Xpress asserts that compliance with the requests could require 12,600 hours of work— possibly costing Xpress over $1.5 million. (Def.'s Resp. Dkt. No. 145, p. 12-13.) Plaintiff disputes these figures, and, notably, has offered to reduce the scope of her request. (Pl.'s Mot., Dkt. No. 134, p. 4.)

The Court finds that Plaintiff's requests are relevant and capable of leading to discoverable evidence. The Court also finds, however, that it is appropriate to limit the

scope of the request to ease the burden on Xpress. As a result, the Court finds that Xpress must produce to Plaintiff the driver qualification, personnel, accident, disciplinary, and safety file of every US Xpress driver that had *five* or more preventable motor vehicle determinations from March 1, 2013, until March 9, 2016.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel (Dkt. No. 134) is GRANTED in part and DENIED in part. Xpress shall respond to Plaintiff's discovery request, as modified by the Court, within 30 days of this Order.

IT IS SO ORDERED this 7th day of March, 2019.

ROBIN J. CAUTHRON
United States District Judge