IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ANDREA T. ANNESE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. CIV-17-655-C |
| | ) | |
| U.S. XPRESS, INC. and | ) | |
| GLENN ANDERS, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION AND ORDER

Now before the Court are: (1) Defendant Glenn Anders' Motion for Partial Summary Judgment (Dkt. No. 136) and (2) Defendant U.S. Xpress, Inc.'s ("Xpress") Motion for Partial Summary Judgment (Dkt. No. 135). Plaintiff has submitted her responses (Dkt Nos. 143, 144), and Defendants have filed their replies (Dkt. Nos. 151, 152). The motions are now at issue.

I. Background

On March 9, 2016, Plaintiff Andrea Annese and Defendant Glenn Anders were involved in an automobile accident in Oklahoma City. (Def. Xpress's Mot., Dkt. No. 135, p. 2.) Defendant Anders was driving a semi-trailer truck for Defendant U.S. Xpress, Inc. ("Xpress"), while Plaintiff was driving a 2011 Chevrolet Camaro. (Id.) Prior to the wreck, the vehicles were in adjacent lanes (with Defendant Anders slightly ahead of Plaintiff in his lane) at a stoplight on South Morgan Road preparing to turn left onto Southwest 8th Street. (Id.) There were two left-hand turn lanes at this intersection; Plaintiff occupied the inside turn lane, while Defendant Anders remained in the outside lane. (Id.)

The drivers became involved in a wreck just after they turned onto 8th Street. (Id. at 2-3.) Defendant Anders left the scene of the wreck without conferring with Plaintiff or waiting for the police to arrive. (Id. at 3; see also Pl.'s Resp. to Anders' Mot., Dkt. No. 144, p. 10.) As a result of the accident, Plaintiff alleges she has suffered bodily injury, medical expenses, pain and suffering, and property damage. (Second Am. Compl., Dkt. No. 109, p. 2.)

Before he was hired by Defendant Xpress in 2015, Defendant Anders was fired by two previous employers in 2013 for failing backup tests. (Pl.'s Resp to Anders' Mot., Dkt. No. 144, p. 8.) He also had two preventable accidents listed on his record from 2013, well before he was hired by Defendant Xpress in 2015. (Id.) Defendant Anders was then involved in four preventable accidents between August 2015 and March 2016—he was employed by Defendant Xpress during this time. (Id.) At the time of the accident at issue, Defendant Anders was on safety and accident probation at work. (Id. at 9.) Thus, his next preventable accident subjected him to possible termination. (Pl.'s Resp. to Xpress' Mot., Dkt. No. 143, p. 4.)

Plaintiff now brings this action against Defendant Anders for his purported negligence in causing the wreck. Additionally, Plaintiff seeks relief from Defendant Xpress, maintaining that it (1) negligently hired, trained, supervised, and retained Defendant Anders; (2) negligently entrusted him to drive its vehicles; and (3) is vicariously liable for the purported negligence of Defendant Anders under respondeat superior. (Second Amended Compl., Dkt. No. 109, p. 2.) Finally, Plaintiff seeks to recover punitive damages from both defendants. (Id. at 2-3.)

Both Defendants now move for partial summary judgment. Defendant Anders' Motion is singularly focused—he seeks to negate Plaintiff's punitive damages claim against him, arguing that it is unsupported by the factual record. Defendant Xpress similarly attacks Plaintiff's punitive damages claim, but also attacks her negligent hiring and negligent entrustment claims as legally void. Plaintiff maintains that multiple disputes of material fact exist sufficient to warrant a jury trial on all claims.

## II.  Standard

A key policy goal and primary principle of Fed. R. Civ. P. 56 is "to isolate and dispose of factually unsupported claims or defenses." Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). Fed. R. Civ. P. 56 sets the standard for summary judgment:

> A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(a).

Summary judgment is appropriate "after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp., 477 U.S. at 322. "[T]his standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). It is also well established that the "party seeking summary judgment always bears

the initial responsibility of informing the district court of the basis for its motion . . . which it believes demonstrate[s] the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 322. "As to materiality, the substantive law will identify which facts are material. Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." Anderson, 477 U.S. at 248. "When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986) (footnote omitted). "In its review, the Court construes the record in the light most favorable to the party opposing summary judgment." Garratt v. Walker, 164 F.3d 1249, 1251 (10th Cir. 1998).

### III. Analysis

a. Negligent Hiring—Defendant Xpress

The dispute over Plaintiff's negligent hiring claim against Defendant Xpress largely centers on the question whether Oklahoma law recognizes a negligent hiring claim against an employer where the employer admits that it can be held liable under respondeat superior. Here, Defendant Xpress indeed admits that Defendant Anders was working within the scope of his employment. (Defs.' Ans., Dkt. No. 110, p. 2.) Thus, if Defendant Anders is found liable for negligence, Defendant Xpress will be held vicariously liable as well. Defendant asserts that this admission absolves it from any liability under a negligent hiring theory, relying principally on Jordan v. Cates, 1997 OK 9, 935 P.2d 289. Plaintiff,

4

however, maintains that the law has changed in Oklahoma, relying on Fox v. Mize, 2018 OK 75, 428 P.3d 314.

In Jordan, a customer walked into a convenience store and got involved in an altercation with an employee. 1997 OK 9, ¶¶ 5 & 6, 935 P.2d at 291. The employee asserted battery against the employee, and also asserted (similar to this case) that the convenience store was liable under the theories of respondeat superior and negligent hiring. Id. But after the convenience store stipulated that the employee was acting within the scope of his employment, the trial court awarded summary judgment in the employer's favor on the negligent hiring claim. Id. at 291-292. On appeal, the Oklahoma Supreme Court affirmed, concluding that "[w]hen an employer stipulates that an employee is acting within the scope of employment at the time of an altercation and punitive damages are available against it under the theory of *respondeat superior*, an additional claim for negligent hiring exposes the employer to no additional liability." Id. at ¶ 21, 294.

In Mize, the court concluded that the plaintiff was permitted to pursue her negligent entrustment claim in addition to her respondeat superior claim against an employer—even though she would not ultimately be permitted to prevail and recover on both. 2018 OK 75, ¶ 12, 428 P.3d at 321. Notably, however, the court distinguished its holding from Jordan by noting that Jordan involved a claim of negligent hiring—not entrustment. Id. at ¶ 14, 322. The court declined to take up the question of negligent hiring, since that claim was not before the court on appeal. Id. Nevertheless, the court took the opportunity "to expressly state that, for now, the holding in Jordan is limited to its facts." Id., n.12.

5

The Court finds that Plaintiff's negligent hiring claim against Defendant Xpress should be dismissed. First, <u>Jordan</u> has not been overruled. Thus, it still remains good law and, in applying Oklahoma law, this Court is bound to follow it. Moreover, by limiting <u>Jordan</u> to its facts, <u>Mize</u> bolsters the result here because the same facts present here were at issue in <u>Jordan</u>. Indeed, the particular claim at issue in <u>Jordan</u> was a negligent hiring claim—the same claim at issue here. As a result, the Court finds that Plaintiff's negligent hiring claim against Defendant Xpress should be dismissed.

b. Negligent Entrustment—Defendant Xpress

An actionable claim for "negligent entrustment exists when a person who owns or has possession and control of an automobile allows another driver to operate the automobile when the person knows or reasonably should know that the other driver is careless, reckless and incompetent, and an injury results therefrom." <u>Green v. Harris</u>, 2003 OK 55, 70 P.3d 866, 869. To prevail on a claim of negligent entrustment, a plaintiff must show that the driver's careless operation of the vehicle was the cause of his or her injuries. <u>Guinn v. Great W. Cas. Co.</u>, No. CIV-09-1198-D, 2010 WL 4811042 (W.D. Okla. Nov. 19, 2010); <u>Clark v. Turner</u>, 2004 OK CIV APP 69, ¶ 35, 99 P.3d 736, 743–44. Generally, "[t]he question of negligent entrustment is one of fact for the jury." <u>Green</u>, 2003 OK 55, ¶ 10, 70 P.3d at 868-69.

In seeking dismissal of this claim, Defendant Xpress contends that there is no evidence of Defendant Anders' careless or reckless driving—much less any evidence that any purported careless driving led to Plaintiff's injuries. (Def. Xpress's Mot., Dkt. No. 135, p. 9.) Nonetheless, Plaintiff's case is centered on the allegation that Defendant Anders

6

was negligent in his driving, causing a wreck with Plaintiff and leading to her injuries. (Second Amended Compl., Dkt. No. 109, p. 1.) To support her negligent entrustment claim, Plaintiff alleges that this accident should have been expected, given Defendant Anders' driving history, which consisted of five preventable accidents over the preceding three years. (Pl.'s Resp. to Xpress's Mot., Dkt. No. 143, p. 14.) The Court finds that there is enough evidence in the record to support a jury finding that Defendant Anders had a history of careless driving, and that Defendant Xpress was aware of this. Accordingly, Plaintiff's negligent entrustment claim against Defendant Xpress will survive summary judgment.

c. Punitive Damages—Defendant Anders

Plaintiff asserts that punitive damages are appropriate here because Defendant Anders was grossly negligent in causing the wreck between them. This Court will limit its inquiry to discuss whether there is competent evidence from which a reasonable jury could find reckless disregard, sufficient to support an inference of evil intent and malice on the part of moving Defendant.

At the outset, the Court notes that it must apply the substantive law of Oklahoma. Napier v. Cinemark USA, Inc., 635 F. Supp. 2d 1248, 1250 (N.D. Okla. 2009) ("A federal court sitting in diversity must apply the substantive law of the forum state."). In Oklahoma, punitive damages are "generally considered to be an element of recovery of the underlying cause of action; it does not constitute a separate cause of action." Rodebush v. Okla. Nursing Homes, Ltd., 1993 OK 160, ¶ 21, 867 P.2d 1241, 1247. "Plaintiffs seek punitive damages pursuant to Okla. Stat. tit. 23, § 9.1 which allows such a recovery where the jury

7

finds by 'clear and convincing evidence' that 'the defendant has been guilty of reckless disregard for the rights of others.'" Dutton v. Merit Energy Co., LLC, No. CIV-13-66-D, 2014 WL 2040615, at *3 (W.D. Okla. May 16, 2014) (quoting 23 Okla. Stat. § 9.1).

Under the circumstances, this Court "must 'review the summary judgment issue bearing in mind the heightened evidentiary standard for a [punitive damage] claim under Oklahoma law.'" Id. at *3 (quoting N. Tex. Prod. Credit Ass'n v. McCurtain Cnty. Nat'l Bank, 222 F.3d 800, 815 (10th Cir. 2000)). "[T]he inquiry involved in a ruling on a motion for summary judgment . . . necessarily implicates the substantive evidentiary standard of proof that would apply at the trial on the merits." Anderson, 477 U.S. at 252. "Under § 9.1, for punitive damages to be allowed there **must** be evidence, **at a minimum**, of reckless disregard toward another's rights from which malice and evil intent may be inferred." Badillo v. Mid Century Ins. Co., 2005 OK 48, ¶ 66, 121 P.3d 1080, 1106. "One acts with reckless disregard if he 'was either aware, or did not care, that there was a substantial and unnecessary risk that [his] conduct would cause serious injury to others.'" Therrien v. Target Corp., 617 F.3d 1242, 1259 (10th Cir. 2010) (quoting OUJI 5.6 (3d ed. 2008 & Supp. 2014)). The level of conduct "must have been unreasonable under the circumstances, and also there must have been a high probability that the conduct would cause serious harm to another person." OUJI 5.6 (3d ed. 2008 & Supp. 2014). "While the proof for punitive damages will probably overlap with that of the underlying cause of action, the plaintiff need not prove all elements of the underlying cause of action by clear and convincing evidence." Rodebush, 1993 OK 160, ¶ 23, 867 P.2d at 1247-48. The court further "interpret[ed] the clear language of the statute to mean that only those specific types

of conduct which would support an award of punitive damages must be shown by clear and convincing evidence." Id. at ¶ 23, 1248.

Plaintiff contends that Defendant Anders' conduct moved beyond ordinary negligence and into gross negligence because he (1) continued to operate a tractor trailer despite having five preventable accidents on his record, subjecting him to probation at the time, and (2) fled the scene after the wreck. (Pl's Resp. to Anders' Mot., Dkt. No. 144, pp. 12-13.) Defendant maintains that neither of these facts, even if true, are relevant to the question of whether he may have been grossly negligent in allegedly causing the wreck.

It is not disputed that this wreck was an accident—there is no evidence in the record of any intent on the part of Defendant Anders. And it is well settled in Oklahoma that "the mere happening of an accident as a result of inadvertence on the part of the responsible party is insufficient to constitute gross negligence." Hinds v. Warren Transport, Inc., 1994 OK CIV APP 52, ¶ 11, 882 P.2d 1099, 1102. Therefore, the Court finds that neither of the facts pointed out by Plaintiff, even if true, would demonstrate gross negligence on the part of Defendant Anders. Accordingly, the punitive damage claim against Defendant Anders will be dismissed.

  d. Punitive Damages—Defendant Xpress

Defendant Xpress principally contends that Plaintiff has not adequately alleged a claim for punitive damages against it. In support, it relies on the fact that Plaintiff included a punitive damages allegation in one of its claims specifically targeting Defendant Anders, while not doing the same in any allegations directly targeting Defendant Xpress. (Def. Xpress's Mot., Dkt. No. 135, p. 7.) Nonetheless, Plaintiff maintains that she did adequately

9

allege a punitive damage claim against Defendant Xpress by mentioning punitive damages near the end of her complaint:

> WHEREFORE, Plaintiff, Andrea T. Annese, prays for judgment against *Defendants, U.S. Xpress, Inc*. and Glenn Anders, for personal injuries in an amount in excess of $75,000 and for *punitive damages* in an amount in excess of $75,000.00 plus interest, costs, attorney fees, and all such other and further relief as to which Plaintiff may be entitled.

(Second Amended Compl., Dkt. No. 109, pp. 2-3.) (emphasis added).

Admittedly, Plaintiff does not allege any particular claim against Defendant Xpress in this paragraph. Nonetheless, the Court finds that Plaintiff adequately put Defendant Xpress on notice that she was seeking punitive damages from it. Accordingly, the Court finds that Plaintiff has sufficiently stated a claim for punitive damages against Defendant Xpress.

## CONCLUSION

For these reasons, (1) Defendant Glenn Anders' Motion for Partial Summary Judgment (Dkt. No. 136) is GRANTED, and (2) Defendant U.S. Xpress, Inc.'s Motion for Partial Summary Judgment (Dkt. No. 135) is GRANTED in part and DENIED in part.

IT IS SO ORDERED this 18th day of March, 2019.

ROBIN J. CAUTHRON
United States District Judge